IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV211-03-MU

| | | |
|---|---|---|
| HOWELL W. WOLTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DENNIS E. BAILEY; JAMES | ) | |
| PENDERGRAPH; and MECKLENBURG | ) | |
| COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 27, 2009. (Document No. 1. )

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at the Mecklenburg County Jail. Specifically, Plaintiff contends that his rights were violated because he was denied access to the law library multiple times and for some period of time the law library was completely shut down, thereby allowing no access.

Plaintiff's allegations amount to an access to courts claim. Reasonable access by prisoners to both state and federal courts and to communication with attorneys is a guaranteed right. Ex parte Hull, 312 U.S. 547, 549 (1941). To that end, prison officials must provide prisoners with either law libraries or person trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, a state need not provide both law libraries and advisors. Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978). Indeed, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done. Bounds v.

1

<u>Smith</u>, 430 U.S. 817, 828 (1977); <u>Smith v. Bounds</u>, 813 F.2d 1299, 1301-02 (4th Cir. 1987).

Because North Carolina has established an attorney assistance program, law libraries are not required and Plaintiff cannot establish a claim for relief on the facts alleged in his Complaint.[1]

## <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is DENIED and DISMISSED for failure to state a claim for relief.

**SO ORDERED.**

Signed: June 1, 2009

Graham C. Mullen
United States District Judge

---

[1] Moreover, the Court notes that Plaintiff has shown no actual injury from his claim that he was not permitted to visit the library and that the law library was eventually closed. Plaintiff cites to his pending federal habeas case and claims that "[h]ad [he] been allowed access to the law library [] three years ago, [he] would not be in prison today . . . " (Ex. to Complaint at 1-2). Such allegation is not sufficient to demonstrate an actual injury, i.e. that prisoners's efforts to pursue a legal claim were hindered, <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996), especially in light of the fact that Plaintiff is in the process of pursuing his collateral challenge to his federal conviction and sentence. Indeed, Plaintiff does not argue any shortcomings of the attorney assistance program in North Carolina. <u>Id</u>.